IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF LOUISIANA
MONROE DIVISION

| | | |
|---|---|---|
| **DONALD BROUSSARD** | * | **CIVIL ACTION NO. 05-0574** |
| **VERSUS** | * | **JUDGE JAMES** |
| **THE LOUISIANA STATE POLICE, TROOPER WILLIAM R. WOODARD, III, AND TROOPER HARVEY BONNER** | * | **MAGISTRATE JUDGE HAYES** |

## REPORT AND RECOMMENDATION

Before the undersigned Magistrate Judge, on reference from the District Court, is a motion to dismiss for lack of jurisdiction and for failure to state a claim (Document No. 4) filed by defendants. For reasons stated below, it is recommended that the motions be **GRANTED** as to the OFFICIAL CAPACITY CLAIMS AND **DENIED** AS TO THE INDIVIDUAL CAPACITY CLAIMS.

### A. Factual Background

Plaintiff filed this claim under 28 U.S.C. §1983, seeking damages for gunshot injuries sustained as a result of unreasonable force allegedly used by the defendants in connection with a traffic stop for a misdemeanor violation. Defendants now move to dismiss the claims for failure to state a claim for which relief may be granted.

### B. Legal Standard to be Applied by the Court

A motion to dismiss for failure to state a claim for which relief can be granted is generally viewed with disfavor and rarely granted. *Tanglewood East Homeowners v. Charles-Thomas, Inc.*,

1

849 F.2d 1568, 1572 (5th Cir. 1988). For the purposes of such a motion, the factual allegations of the complaint must be taken as true, and any ambiguities must be resolved in favor of the non-mover. A motion to dismiss an action for failure to state a claim admits the facts alleged in the complaint, but challenges plaintiff's right to relief based upon those facts. *Crowe v. Henry*, 43 F.3d 198, 203 (5th Cir. 1995). In particular, a complaint should not be dismissed for failure to state a claim unless it appears beyond a doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. *Id.* On a motion to dismiss, the court must presume that general allegations embrace the specific facts that are necessary to support the claim. *National Organization for Women, Inc. v. Scheidler*, 510 U.S.249, 114 S.Ct. 798, 803, 127 L.Ed.2d 99 (1994), citing *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 112 S.Ct. 2130, 2137, 119 L.Ed.2d 351 (1992).

**1. Individual Capacity Claims**

In an amended complaint filed on May 13, 2005, the plaintiff made it clear that he is suing Bonner and Woodard in their individual capacities. The allegations of the complaint are more than sufficient to state a claim against both defendants individually, and it is recommended that the motion to dismiss be **DENIED as to any individual capacity claims**.

**2. Official Capacity Claims**

Woodard and Bonner claim that the official capacity claims against them are barred in this court because suits against them in their official capacities are in reality suits against the state, and neither a state nor an official thereof sued in his individual capacity is a "person" under 28 U.S.C. § 1983. *Hafer v. Melo*, 502 U.S. 21, 112 S.Ct. 258, 362, 116 L.Ed.2d 301 (1991); *Will v. Michigan Dept. of State Police*, 491 U.S. 58, 109 S.Ct. 2304, 105 L.Ed.2d 45 (1989). The plaintiff agrees that the defendants sued in their official capacities are not "persons" under §1983, but argues that the amended complaint naming them in their individual capacities moots the motion to dismiss.

While the amended complaint does state a cause of action against the individual defendants, it is recommended, given that the parties are in agreement that Woodard and Bonner in their official capacities, as employees of the Louisiana State Police, are considered state officials under Louisiana law, that the **Motion to Dismiss be GRANTED as to any claims against Woodard and Bonner in their official capacities and as to any §1983 claims against the Louisiana State Police**.

### 3. Supplemental Jurisdiction/Eleventh Amendment Immunity

The plaintiff argues that he is also asserting state law damages claims against the Louisiana State Police and that this court should exercise its supplemental jurisdiction over those claims. However, as is pointed out by the defendant, the Eleventh Amendment to the United States Constitution bars suits for damages against a state in federal court unless the state waives sovereign immunity. Eleventh Amendment immunity extends to state agencies that act as arms of the state. The Louisiana State Police is a department of the State of Louisiana Department of Safety and Corrections, and is thus an agency of the state of Louisiana which has Eleventh Amendment immunity from suit in federal court. La. R.S. 36:401 and 40:1301 *Jackson v. Department of Public Safety for State of Louisiana,* 675 F.Supp. 1025, 1026 (M.D. La. 1985); *Anderson v. Phelps*, 655 F. Supp. 560, 563-64 (M.D. La. 1985).

While the plaintiff is free to pursue his damages claim against the state in state court, this court lacks jurisdiction over those claims, and it is therefore recommended that **the motion to dismiss the Louisiana State Police be GRANTED in its entirety**.

### F. Conclusion

For the reasons stated above, **it is recommended that the Motion to Dismiss be**

3

**GRANTED as to all claims against the Louisiana State Police and against William R. Woodard and Harvey Bonner in their official capacities, and that the Motion to Dismiss be DENIED as to the claims against Woodard and Bonner in their individual capacities**.

Under the provisions of 28 U.S.C. §636(b)(1)(C) and F.R.C.P. Rule 72(b), the parties have **ten (10) business days** from service of this Report and Recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within **ten (10) business days** after being served with a copy thereof. A courtesy copy of any objection or response or request for extension of time shall be furnished to the District Judge at the time of filing. Timely objections will be considered by the District Judge before he makes a final ruling.

**A PARTY'S FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS, CONCLUSIONS AND RECOMMENDATIONS CONTAINED IN THIS REPORT WITHIN TEN (10) BUSINESS DAYS FROM THE DATE OF ITS SERVICE SHALL BAR AN AGGRIEVED PARTY, EXCEPT ON GROUNDS OF PLAIN ERROR, FROM ATTACKING ON APPEAL THE UNOBJECTED-TO PROPOSED FACTUAL FINDINGS AND LEGAL CONCLUSIONS ACCEPTED BY THE DISTRICT JUDGE.**

THUS DONE AND SIGNED at Monroe, Louisiana, this 12th day of July, 2005.

KAREN L. HAYES
U. S. MAGISTRATE JUDGE